Pearson, O. J.
This is not the case of an ordinary injunction to stay proceedings on an execution, after the right of the defendant has been established by a judgment. The plaintiff alleges that being pressed by executions, in *6 order to prevent a Balo of his property, be applied to tbe defendant to aid him in raising the money and take a lien on the property. Tho defendant agreed to pay off the executions provided be would save him harmless by including the amount for which he was liable as plaintiff’s surety. Accordingly the plaintiff executed a deed absolute on its face, and tbe defendant commenced writing a paper to show that the plaintiff was to have the privilege of redeeming his property, but afterwards on various pretences refused to sign it, saying the plaintiff must take his word, and insisting that the deed should be .absolute on its face. So, the plaintiff aver-t, the dead was obtained by taking undue advantage of him by reason of Ms necessities; and ■seeks to set up his equity to redeem on paying .principal and interest.
In aid of this primary equity, the plaintiff prays that the defendant may be enjoined from exposing his property to public sale, or otherwise making way with it, until ins equity to redeem can be established; and he puts his right to an injunction, on the ground that if tbe properly is sold, as centomplatcd by the defendant, he will be turned out of his bouse and homo, and his property e insisting ia a •great part of hors s, mules, corn, wheat, hay, hog?, sheep, fkrrxih'g, utensils and other arilelcstof the kind, wTI be scattered all through tho country, sewus to ¡teake it impossible ever to rogrin it; and so tho less will bo ir ay-arable, and tho very purpose of his bill, should he succeed in establishing his equity, will be def tiled. The defendant insists that hó ruado :.n absolute purchase of all of the property, and denlo jíhff there was any smle;v.í::nding, that the plaintiff should be at liberty to redeem.
It is certain that if the property is exposed to public tale and scattered through tho country, it will be impossible to reclaim it specifically, and the pVmtiff's primary equity *7 would be thereby in a great measure- defeated. So-tbe question of injunction is of a special nature, and must' be treated and considered in the character of a- sequestration ; w'hich the court will not remove until the hearing of the cause, when it appears by the bill and answer that tire claim of the plaintiff is probably well founded, and is not merely frivolous and vexatious; for as the defendant is. secured by the injunctiorf or sequestration bond, the court having the property under its control, will take care of it* so that it may be subject to the final decree.
In cases like this under consideration equity assumes jurisdiction on the principle of giving effect to the agreement of the parties ; and when it appears that the intention was to secure the payment of money, and the transaction has been made to assume tbe form of an absolute conveyance by fraud, ignorance, accident, or advantage (nkeii-of a needy man, tbe court will not be trammelled by'the form, and will give effect to the intention. In illustration —A borrows money, and to secure its payment, executes a. deed, to bo void provided the money and interest are paid by a given day ; otherwise, the estate to he absolute. The money is not paid and the estate becomes absolute at law: but a court of equity will interfere and allow the property to bo redeemed : on tbe ground that it was not the intention of the one to sell, or of the other to buy — but the deed jvas given as a security for the money; and it is against conscience for the creditor to insist on keeping the property. So in a ease like the present, if it was not the intention of the one to' sell, or of the other to buy, and the actual intention was to let the prop city'stand as a security, equity will as between the parties, give effect to the intention, by disregarding the form which the transaction has been made to assume, and convert the deed although absolute on its face, into a security; it being against con *8 science for ths creditor to insist upon keeping tbe property absolutely.
In our case, this court is of opinion that the bill Rftd answer show “ probable eause” in support of the plaintiff’s equity. In fact the admissions of the defendant taken in. connection with the circumstances of the transaction, would seem to make out the plaintiff’s case, although in-respect to that 'question, we are not at liberty in this stage of the proceeding, to deliver our opinion.
The dqed conveys the plaintiff’s' land, horses, mules, sheep, hogs, corn, wheat, bay, farming utensils, &c., &e., just such articles as are usually contained in a deed of trust. Tbe defendant does not allege that tbe property was valued separately, or that the prise (as he considers it) was fixed on in reference to the value of the property: but the amount inserted in tbe deed had reference merely to the amount of the executions, and the amount for which lie was liable as.surely. This is inconsistent with the idea of an absolute purchase — it is not usual for a man to wish to sell, or for one to whisk to become tbe purchaser of such an infinite or indefinite variety of articles by tbe wholesale. Indeed it is evident that the plaintiff' did not wish te sell, and the defendant admits he did not wish to buy — all he wanted was to be saved harmless: he admits that he did commence writing an instrument to show that the plaintiff was to have the right to redeem, but on reflection concluded not to do it, and thereupon tbe plaintiff delivered the deed to him : the plaintiff retained possession of the property. The defendant admits that be afterwards repeatedly offered to let the plaintiff have the property back, provided he was indemnified, as all he wanted was to be •“saved harmless;” rvhich is the very thing the plaintiff now offers to do, and which he has done by the injunction bond: unless tbe defendant is at liberty to insist on the *9 tíme : but in -such matters it is a maxim of equity "that “ time is not of the essence of the contract.*’ This is the foundation of the doctrine concerning equities of redemption in mortgages and all dealings of that nature.
There is still another view of the care: can any one, be made to believe, that the plaintiff' would have execufed the deed, if he had supposed that the d* fondant could come the next day and turn him out of house and home and scatter all of the accumulations of his plantation to the winds, by exposing it to public sale ? That was the very thing he desired to prevent, and its prevention' the sole purpose for which he asked the aid of the defendant. This was well known to the defendant. So, if it was his intention at the time, not to allow the plaintiff to redeem, he practiced a fraud by ccncealing¿t: .arü if he-intended at the time to allow him. to redeem, ho c:m not now in conscience refuse to do so.
So, taking it either way, the defendant procured the execution of the deed by a positive fraud, or else he procured it by taking underhand advantage of the necessities of the plaintiff, the pressure of which induced him to- put himself in the power of the defendant, and tost to his good conscience; and the defendant can not be allowed in equity to disregard the trust reposed in him and set himself up as an'absolute purchaser, and thereby give to the transaction the result of doing tile very 'thing which he well knew it was the plaintiff's object to avoid, viz: an absolute sale of the property.
There is error in the decretal order dissolving the injunction. Let tlfis opinion be certified to the court below to the end that the order be reversed', arnltl c injunction continued over until the hearing.